UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA KINNEY, | ) | CASE NO. 5:20-cv-1155 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Angela Kinney ("Kinney") appeals from the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). The matter was referred to Magistrate Judge David A. Ruiz for the preparation of a Report and Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 17.) Plaintiff has filed objections to the R&R (Doc. No. 18 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 19 ["Resp."].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

**I. BACKGROUND**

Kinney filed her application on April 27, 2017. (Doc. No. 17 at 1, citing Doc. No. 12 (Administrative Transcript) at 177–78.)[1] She alleged disability beginning April 10, 2017, which

---

[1] Page number references to the administrative record refer to the Bates Stamp number applied to that record. All other page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

she later amended to October 15, 2017. (Doc. No. 12 at 238.) The application was denied initially, and upon reconsideration. Kinney requested a hearing before the ALJ. The hearing, at which Kinney appeared with counsel, was conducted on March 13, 2019. The hearing transcript is in the record. (*Id*. at 34–91.).

On May 7, 2019, the ALJ issued her decision. (*Id*. at 15–28.) The ALJ found that plaintiff had severe impairments of "Rheumatoid Arthritis, Flatfoot Deformity of the Left Foot, Obesity, Anxiety Disorder, Major Depressive Disorder and Cannabis Abuse Disorder." (*Id.* at 17.) The ALJ further determined that these impairments did not meet or equal any listed impairment, and that Kinney retained the residual functional capacity ("RFC") to perform a range of light work with certain specific limitations. (*Id*. at 18–26.) The ALJ concluded that, while Kinney could not perform any past relevant work, she could perform several light duty jobs for which there was a significant number of jobs existing in the national economy and she was, therefore, not disabled. (*Id*. at 26–28.).

In crafting her RFC, the ALJ considered the various medical opinions contained in the record. The ALJ found the opinion of Kinney's treating physician, Annabelle Morales-Mena, M.D., to be unpersuasive as the opinion was "inconsistent with the objective findings in the medical record as whole." (*Id*. at 24, citing administrative record.) The ALJ further noted that Dr. Morales-Mena "was a new treating physician who had begun treating [Kinney] only months before [offering her opinion], which reduce[d] the analytical value of her opinion." (*Id*.) The ALJ found the State agency physicians' opinions to be "somewhat persuasive[,]" observing that "[w]hile the treatment record supports the limitations described, the progression of the claimant's

symptoms were inconsistent with the limited degree of restrictions."[2] (*Id*.).

Kinney timely filed the instant action, seeking judicial review. Kinney, represented by counsel, filed a brief on the merits (Doc. No. 13), the Commissioner filed a response brief on the merits (Doc. No. 15), and Kinney filed a reply. (Doc. No. 16.) On July 12, 2021, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the

---

[2] The ALJ also found unpersuasive the opinion of a certified nurse practitioner who opined that the claimant would have difficulty, at times, remembering short simple and detailed instructions and making simple work related decisions. (*Id*. at 25–26.) In so finding, the ALJ observed that the mental health record did not support the described degree of limitations suggested by the nurse practitioner. (*Id*. at 26.)

decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between

the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004)).

**B.     Kinney's Objections and Analysis**

*Evaluation of Medical Opinions*

Kinney's first set of objections can be discussed together as they relate to the ALJ's treatment of the medical opinions in the record. Initially, she argues that, despite the fact that the magistrate judge found that "'the ALJ did not wholly adopt any single medical source opinion[,]'" he erred in not concluding that the ALJ "played doctor" by substituting his own opinion over trained medical providers. (Doc. No. 18 at 1, quoting Doc. No. 17 at 15.) She also complains that the magistrate judge erred in failing to find that the ALJ impermissibly "cherry-pick[ed]" from the medical opinions and other medical records. (*Id.* at 2.) Additionally, she contends that the magistrate judge misunderstood the nature of her argument relative to the weight given to her treating physician's opinion. She explains that she did not take issue with the fact that the ALJ relied on the short duration of the treating relationship in finding the opinion unpersuasive, but rather that this same logic should have been applied to reject the State agency physicians' opinions as they never treated Kinney. (*Id.* at 3.) Finally, she posits that, "[i]f the magistrate judge's conclusion that ALJs are 'no longer obligated to give good reasons for rejecting the opinion of a treating medical source' is allowed to stand, it will render 20 C.F.R. § 404.1520c useless and will leave claimants without recourse against biased or indolent ALJs." (*Id.*)

Kinney's objections, and in particular the first objection relating to "playing doctor" and

the final objection relating to "good reasons," fail to take into account the change in the law relative to the treatment of medical opinions. For claims filed prior to March 27, 2017, governing Social Security regulations required the ALJ to give controlling weight to a medical opinion from the claimant's treating physician if the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 416.927(c)(2). This became known as the "treating physician rule." *See Perry v. Comm'r of Soc. Sec.*, 734 F. App'x 335, 339 (6th Cir. 2018). Under this rule, if the ALJ did not assign controlling weight to a treating source opinion, he or she was required to give "good reasons" for discounting the opinion. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (citing, among authority, 20 C.F.R. § 404.1527(c)(2)).

Because Kinney's claim was filed after March 27, 2017, the Social Security Administration's new regulations ("Revised Regulations") for evaluation of medical opinion evidence apply to this claim. *See Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the Revised Regulations, the Commissioner will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner shall "evaluate the persuasiveness" of all medical opinions and prior administrative findings using the factors set forth in the regulations: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the

treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(a), (c)(1)–(5); 416.920c(a), (c)(1)–(5). Of these, supportability and consistency are considered the most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Revised Regulations effectively eliminated the "treating source rule" that required an ALJ to give "good reasons" when a treating source opinion was not given controlling weight. Nevertheless, "the ALJ must still 'articulate how [he/she] considered the medical opinions' and 'how persuasive [he/she] find[s] all of the medical opinions.'" *Bovenzi v. Saul*, No. 1:20-cv-185, 2021 WL 1206466, at *3 (N.D. Ohio Mar. 31, 2021) (quoting, among authority, *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-1958, 2019 WL 6468560, at *4 (D. Ore. Dec. 2, 2019) (further quotation marks and citations omitted)). A reviewing court "evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion." *Ryan L.F.*, 2019 WL 6468560, at *4.

Under the Revised Regulations, the opinion of Dr. Morales-Mena was not entitled to any specific evidentiary weight. 20 C.F.R. § 416.920c(a). The magistrate judge's observation that the ALJ was "no longer obligated to give good reasons for rejecting the opinion of a treating medical source" accurately reflected the fact that the hierarchical deference previously afforded the medical opinion of a treating physician had been eliminated. (*See* Doc. No. 17 at 21.) *See Bovenzi*, 2021 WL 1206466, at *3. Similarly, the magistrate judge's determination that the "ALJ did not wholly adopt any single medical source opinion" did not render the resulting decision

flawed. (*See* Doc. No. 17 at 15.) Rather, the ALJ properly considered all of the medical opinions in the record, in accordance with the Revised Regulations, and "provide[d] a coherent explanation of [her] reasoning" as to the persuasiveness of each opinion. *Lester v. Saul*, No. 5:20-cv-1364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted*, *Lester v. Comm'r of Soc. Sec.*, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021) (further quotation marks and citation omitted). In doing so, the ALJ properly applied the factors in 20 C.F.R. §§ 404.1520c(c), 416.920c(c), with an emphasis on supportability and consistency. (*See* Doc. No. 12 at 24–26.)

Accordingly, the failure to adopt any one medical opinion *in toto* did not result in the ALJ impermissibly "playing doctor" as Kinney has suggested. Indeed, an ALJ has never been required to accept any medical opinion in its entirety; rather, the ALJ's RFC determination is based on the evidence as a whole. *Grube v. Comm'r of Soc. Sec.*, No. 2:20-cv-4953, 2021 WL 3674822, at *4 (S.D. Ohio Aug. 19, 2021) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *see Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727–28 (6th Cir. 2013) (rejecting contention that ALJ was "bound" by one medical opinion—ALJ "properly based her RFC determination on all the evidence of record"); *see also Withus v. Saul*, No. 18-cv-10923, 2021 WL 2012270, at *11–12 (S.D.N.Y. May 19, 2021) (explaining that "[s]ome portions [of a medical source's opinion] may be entitled to greater weight than other portions") (quotation marks and citation omitted). The explanation as to the weight given will be sufficient so long as the ALJ "say[s] enough 'to allow the appellate court to trace the path of h[er] reasoning.'" *Id.* (quoting *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011)); *see also Felix v. Comm'r of Soc. Sec.*, 1:20-cv-1550, 2021 WL 3684104, at *17 (N.D. Ohio Aug.

3, 2021) (recognizing that a claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). Here, the ALJ properly evaluated the persuasiveness of each medical opinion, considering, in part, whether the opinions were consistent with and support by other evidence in the record. In doing so, she provided sufficient explanation for a reviewing court to trace the path of her reasoning.

There is also no evidence that the ALJ limited her consideration of the record to evidence that supported some pre-determined RFC. It is true that an ALJ may not cherry pick from the record in determining whether substantial evidence supports a particular conclusion. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). It is equally true that an ALJ need not discuss ever piece of evidence presented, "so long as the reviewing court can glean the rationale of the decision." *Harrington v. Kijakzi*, No. 20-cv-10954, 2021 WL 3486278, at *5 (E.D. Mich. Aug. 9. 2021) (citing *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.") (quotation marks and citation omitted)); *see Rottman v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 194 (6th Cir. 2020) ("An ALJ need not discuss every piece of evidence in the record for [the ALJ's] decision to stand.") (quoting *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) (further citation omitted)).

It is clear from the administrative decision that the ALJ considered all of the record evidence—including medical opinions, X-rays, treatment notes, and Kinney's reported activities—in reaching her conclusions as to the severity of Kinney's impairments in order to craft her RFC. Because the ALJ properly applied the relevant regulations, and because her

resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision notwithstanding the fact that Kinney believes that the evidence also supported a contrary conclusion. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

Kinney's argument that the ALJ's decision is internally inconsistent is also without merit. Kinney maintains that, because the ALJ discounted her treating physician's opinion due to the short duration of the treating relationship, the same logic should have been applied to reject in their entirety the opinions of the State agency physicians as they had no treating relationship with Kinney. (Doc. No. 18 at 3.) But the ALJ did not confine her valuation of Dr. Morales-Mena's opinion to the length of the treatment relationship; she also considered the other relevant factors from the Revised Regulations. In particular, she considered the fact that the opinion "was inconsistent with the objective findings in the medical record as a whole[,]" including Kinney's range of motion demonstrated during examinations, as well as the activities she continued to engage in despite her reported limitations. (Doc. No. 12 at 24, citing record evidence.) In so doing, the ALJ distinguished Dr. Morales-Mena's opinion from that of the State agency's physicians, whose opinions as to limitations were supported by the treatment records, even though she found that the progression of Kinney's symptoms expressed in these opinions was not entirely supported by the record. (*Id.*)

For all of these reasons, Kinney's objections to the R&R relative to the ALJ's consideration of the medical opinions are overruled.

*Listing 14.09*

Kinney also complains that the magistrate judge "did not provide a specific recommendation as to how [Kinney's] objection to the ALJ's failure to discuss Listing 14.09(A)(2) in her [d]ecision should be decided." (Doc. No. 18 at 6.) This statement is inaccurate. The magistrate judge specifically recommended that the Court find Kinney's complaint as to Listing 14.09 "without merit, as the ALJ clearly considered the potential applicability of Listing 14.09, and [Kinney] has not identified any error in the ALJ's analysis." (Doc. No. 17 at 32.) While the magistrate judge acknowledged that the ALJ's decision "could have been more specific with regard to this listing," it noted that the ALJ "plainly found that [Kinney's] ability to maintain her own hygiene, as well as her ability to work as a cashier and shift leader undermined [Kinney's] contention that she could not independently initiate, sustain, and complete work-related activities involving fine and gross movements." (*Id*. at 30, 32, citing Doc. No. 12 at 19.) In rejecting Kinney's argument relative to Listing 14.09, the magistrate judge correctly stated that Kinney bore the burden at Step 3 of the analysis and that her failure to offer more than a string cite (without explanation) to over 40 pages of medical records did not satisfy that burden. (*Id*. at 30–31.).

In her objection, Kinney does not challenge the magistrate judge's determination that she bore the burden at this stage of the analysis, *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997), nor does she point to any specific evidence in the record that calls the ALJ's analysis and determination into question. As the magistrate judge found, the ALJ properly considered the record evidence in determining the potential applicability of Listing 14.09, and Kinney has failed to demonstrate how that analysis was erroneous. Because the ALJ addressed

11

Listing 14.09, and the ALJ's evaluation of the listing was supported by substantial evidence, Kinney's objection is overruled. *See, e.g., Olshelfske v. Comm'r of Soc. Sec.*, No. 18-12095, 2019 WL 4892422, at *9 (E.D. Mich. Aug. 16, 2019) ("But, under the circumstances presented here, that is, where the ALJ has addressed the contested listing and the plaintiff challenges the manner in which the ALJ addressed it, the ALJ's decision will not be disturbed if it is supported by substantial evidence.") (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)).

### III. CONCLUSION

For the reasons discussed above, Kinney's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB is supported by substantial evidence, the decision is affirmed and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: August 30, 2021

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**